# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL MILLER, | Case No. 1:19-cv-00806-DAD-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| REBECCA BOUNDS, et al., | (Doc. No. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Joseph Michael Miller ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on June 10, 2019. Plaintiff's complaint is currently before the Court for screening. (Doc. No. 1.)

**I.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at North Kern State Prison. The allegations in the complaint are alleged to have occurred in Madera County, California. As defendants, Plaintiff names the following individuals: (1) Rebecca Bounds, Human Resources Staff; and (2) Michael Splivalo, attorney at law.

Plaintiff alleges as follows:

> Plaintiff suffered slander and defamation of character, and procuring false writings to acts, of subordination, of perjury to obtain money in a court, of law. [¶] Plaintiff further suffered damage to his names, and reputation that is not measurable as it is possible that such documentation is or has become public record. [¶] Plaintiff suffered a serious beating assault on 11-21-2017. Because of the reports filed with falsity to violate my Due process rights in the Court, of Law, of Divorce Court. Plaintiff was subjected to mental anguish and loss of love, and the manifest nessity [sic] should be applied in the U.S. Courts orders where Plaintiff's material evidence that was filed in a court of law warrants reopening of the claim where respondents acting under the laws had directed the deprivation of rights and had Actual Knowledge of the damage with evil intent the Attorney specifically said Miller has several convictions for sexual battery and indecent exposure on my jacket in Case No. MFL003968. The attorney and client acting under the color of law placed Plaintiff's life danger in need of relief, and discovery.

(Doc. No. 1 at 3.) Plaintiff further alleges that the slander and defamation of character damaged his reputation and labeled him as a sex offender. Plaintiff asserts that he was beaten by a prison

2

inmate who obtained the documents filed in the court. (Id. at 3.)

Plaintiff seeks injunctive relief and monetary damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to establish this Court's jurisdiction, and fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

#### B. Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction,

the district court must dismiss the case. See <u>Morongo Band of Mission Indians v. California State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988).

Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties are citizens of different states. Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Id.</u> In this instance, Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States.

Although unclear, it appears that Plaintiff may be attempting to assert a civil rights claim arising under 42 U.S.C. § 1983 against Ms. Bounds and Mr. Splivalo. However, Plaintiff cannot state a § 1983 claim against them because a private individual generally does not act under color of state law, which is an essential element of a § 1983 action. See <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See <u>Ouzts v. Maryland Nat'l Ins. Co.</u>, 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S.

949 (1975). For such private conduct the wrongdoer faces potential liability in state courts, but a federal action would not lie under section 1983. Id. In addition the protection of the fourteenth amendment for purposes of due process may not be invoked unless the state has been involved in the deprivation of rights to some significant extent. Id. Here, Plaintiff's allegations appear to involve purely private conduct, with no state involvement. Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction, nor does it state a cognizable § 1983 claim.

### C. State Law Claims

Plaintiff appears to assert various state law claims for slander and defamation. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over any purported state law claims and they will not be screened.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to establish this Court's jurisdiction, and fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 22, 2019**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE