# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL MILLER,<br><br>            Plaintiff,<br><br>    v.<br><br>REBECCA BOUNDS, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00806-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 8)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Joseph Michael Miller ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on June 10, 2019. On July 23, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. No. 7.) Plaintiff's first amended complaint, filed on August 2, 2019, is currently before the Court for screening. (Doc. No. 8.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at North Kern State Prison. As defendants, Plaintiff names the following individuals: (1) Rebecca Bounds, Human Resources; and (2) Michael Splivalo, attorney.

Plaintiff alleges as follows:

> I do not know if this is a matter for Federal courts or if it violates the Constitution. I wish I would have known before I agreed to pay 350 dollars to file this suit. In September of 2015 attorny Michael Splivalo filed motions in family (Divorce) court and made oral arguments that I was a convicted SERIAL rapist/sex offender. I was not there because I was in prison. My ex wife and her attorney both sent me copies of the motion. I filed declarations to try and attend future hearings via transportation order or telephone via institution procedure but was ignored/denied. While doing law work an inmate read/obtain ed the motions/documents filed in Madera divorce court, Rebecca Miller vs Joseph Miller, Madera, Ca Case no: MFL003968 stating I was a sex offender, took them at face value and I was assaulted on 11-21-16, because of the black and white documents unequivocally stating I was a convicted rapist with multiple counts. Petitioner is a layman of the law. Thank you.

(Doc. No. 8 at 3-5.) Plaintiff asserts his right to be free from cruel and unusual punishment and seeks monetary damages.

///

2

**III. Discussion**

**A. Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).

Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

**1. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties are citizens of different states. Thus, as currently pled, Plaintiff's amended complaint does not establish diversity jurisdiction.

**2. Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. In this instance, Plaintiff does not allege any violation arising under the

Constitution, laws or treaties of the United States.

Although unclear, it appears that Plaintiff may be attempting to assert a civil rights claim arising under 42 U.S.C. § 1983 against Ms. Bounds and Mr. Splivalo. However, Plaintiff cannot state a § 1983 claim against them because a private individual generally does not act under color of state law, which is an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). For such private conduct the wrongdoer faces potential liability in state courts, but a federal action would not lie under section 1983. Id. Here, Plaintiff's allegations involving Ms. Bounds and Mr. Splivalo relate purely to private conduct, with no state involvement. Thus, as pled, Plaintiff's amended complaint does not establish federal question jurisdiction, nor does it state a cognizable § 1983 claim, against Ms. Bounds or Mr. Splivalo.

The Court acknowledges that Plaintiff's amended complaint also includes allegations of various events and omissions occurring during his incarceration, including the failure to allow Plaintiff to appear during his divorce proceedings and an inmate assault. These events and omissions do not involve conduct by either Ms. Bounds or Mr. Splivalo, and the Court takes no position on the merits of these claims against unnamed persons.

**B.    State Law Claims**

Plaintiff appears to assert various state law claims for slander and defamation. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is recommended that

the Court decline to exercise supplemental jurisdiction over any purported state law claims and dismiss those claims without prejudice.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to establish this Court's jurisdiction and fails to state a cognizable federal claim. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to establish this Court's jurisdiction and for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2019**      /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE